UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHELIA CLARKE,

    Plaintiff,

v.

PILKINGTON NORTH
AMERICA, INC.,

    Defendant.

Case No. 2:21-cv-12119
District Judge Mark A. Goldsmith
Magistrate Judge Kimberly G. Altman

_____/

## REPORT AND RECOMMENDATION
## ON DEFENDANT'S MOTION TO DISMISS (ECF No. 5)

I.     Introduction

Plaintiff Sheila Clarke (Clarke) is suing defendant Pilkington North America, Inc. (Pilkington) claiming Pilkington breached its fiduciary duty when it disbursed her employer-sponsored 401(k) retirement plan entirely to her ex-husband. Pilkington removed the case to federal court on the grounds that her claim is preempted by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, which Clarke does not challenge. Pilkington then filed a motion to dismiss on the grounds that Clarke's claim is time-barred under ERISA's statute of limitations. (ECF No. 5). The motion was referred to the

1

undersigned. (ECF No. 6). For the reasons that follow, the undersigned RECOMMENDS that Pilkington's motion be GRANTED.

## II. Background

The facts as gleaned from the complaint and the parties' papers follow.

Clarke began her employment with Pilkington on September 14, 1997. As a benefit of her employment, Clarke was a participant in a 401(k) retirement account (the Account) which was part of a plan sponsored by Pilkington. Both Clarke and Pilkington made contributions to the Account.

Clarke was married to Noel Anthony Clarke from October 22, 1996 until their divorce on December 22, 2004. On January 20, 2006, the state court entered a Qualified Domestic Relations Order (QDRO) that required the proceeds of the Account be divided equally between Clarke and her ex-husband.

As relevant to the instant motion, the complaint alleges the following:

> 11. On March 21, 2006 plaintiff received notification that PNA transferred a total of $30,631.50 to Clarke.
> 12. On October 8, 2008, plaintiff received a notification that her 401(k) account had been completely depleted and that of [sic] the funds had been paid by PNA to Clarke. []However, the amount transferred to Mr. Clarke was and should have been only 50% of the total amount in the 401(k) plan as of the date of division in the account pursuant to the terms of the QDRO.

(ECF No. 1, PageID.9-10).

On May 5, 2021, Clarke filed her complaint in state court claiming breach of fiduciary duty. As noted above, Pilkington removed the case to federal court,

which will be discussed below, and subsequently filed the instant motion to dismiss.

### III. Jurisdiction

Although Clarke does not challenge the removal of her case to federal court, the undersigned notes that Clarke's complaint is in fact preempted by ERISA. The complaint alleges that "PNA's breach of its fiduciary duty to preserve and maintain one half of Plaintiff's account has resulted in the loss of the principal amount owing to her, coupled with interest and increases thereon." (ECF No. 1, Page.ID 10).

Under the doctrine of "complete preemption," Clarke's complaint is completely preempted by ERISA Section 502(a). There are two ways in which ERISA can preempt state-law claims: complete preemption under ERISA Section 502(a) and express preemption under ERISA Section 514. *Hogan v. Jacobson*, 823 F.3d 872, 879 (6th Cir. 2016). Complete preemption amounts to an exception to the well-pleaded complaint rule that converts a state law claim that could have been brought under ERISA Section 502 into a federal claim and makes the recharacterized claim removable to federal court. *See Aetna Health Inc. v. Davila*, 542 U.S. 200, 209 (2004); *Metro. Life Ins. Co. v. Taylor*, 481 U.S. 58, 67 (1987); *Hogan*, 823 F.3d at 879.

3

Here, Clarke seeks damages for an alleged breach of fiduciary duty based on the wrongful distribution of 401(k) benefits under the terms of a QDRO. In essence, Clarke is seeking to recover funds from an employer-sponsored ERISA plan. Courts have found such a claim to be preempted for purposes of removal. *See Cromwell v. Equicor-Equitable HCA Corp.*, 944 F.2d 1272, 1276 (6th Cir. 1991); *Smith v. Commonwealth Gen. Corp.*, 589 F. App'x 738, 744 (6th Cir. 2014). Thus, the Court's has jurisdiction over Clarke's claim for breach of fiduciary duty which arises under ERISA.

IV. Legal Standard

When deciding a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6), the Court must "construe the complaint in the light most favorable to plaintiff and accept all allegations as true." *Keys v. Humana, Inc.*, 684 F.3d 605, 608 (6th Cir. 2012). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotation marks omitted); *see also Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (concluding that a plausible claim need not contain "detailed factual allegations," but it must contain more than "labels and conclusions" or "a formulaic recitation of the elements of a cause of action . . ."). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable

inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678 (citation omitted). "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013).

V. Discussion

A. ERISA Statute of Limitations

ERISA provides for several different limitations periods depending on the nature of the claim at issue. *See Intel Corp. Inv. Pol'y Comm. v. Suly*ma, 140 S. Ct. 768, 777, 206 L. Ed. 2d 103 (2020) (recognizing multiple limitations periods within the ERISA framework). As to a breach of fiduciary duty claim, ERISA provides that:

> No action may be commenced under this subchapter with respect to a fiduciary's breach of any responsibility, duty, or obligation under this part, or with respect to a violation of this part, *after the earlier of--*
> (1) *six years after (A) the date of the last action which constituted a part of the breach or violation*, or (B) in the case of an omission the latest date on which the fiduciary could have cured the breach or violation, or
>
> (2) *three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation*; except that in the case of fraud or concealment, such action may be commenced not later than six years after the date of discovery of such breach or violation.

29 U.S.C. § 1113 (emphasis added).

B. Application

5

Because Clarke does not allege either fraud or concealment, her claim is subject to either the first or second section of 29 U.S.C. § 1113. Addressing section (2) first, ERISA provides for a three year limitations period where a plaintiff has actual knowledge. In *Intel Corp. Inv. Pol'y Comm. v. Sulyma*, 140 S. Ct. 768 (2020), the Supreme Court clarified the meaning of "actual knowledge" as used in 29 U.S.C. § 1113(2) for triggering the three-year limitations period for an ERISA breach of fiduciary duty claim. In *Intel*, the Supreme Court held that in order to trigger the statute's three year period, a "plaintiff must in fact have become aware of [the] information" underlying their claim. *Id*. at 777. The Supreme Court reached that conclusion by examining the meaning of the phrase "actual knowledge" both in common parlance and also in the specific setting of ERISA. The Supreme Court concluded that actual knowledge requires proof of "knowledge that is actual" as opposed to "only proof of sufficient disclosure." *Id*. at 775. The Supreme Court went on to note that a defendant can demonstrate actual knowledge through "any of the 'usual ways' to prove actual knowledge at any stage in the litigation." *Id*. at 779. This could include admissions by plaintiffs and circumstantial evidence. *See id*.

Here, the allegations in the complaint and exhibits incorporated thereto, show that Clarke had "actual knowledge" of the events which form the basis of her

claim no later than October 2008, as reflected in the following timeline of events taken directly from the complaint:

> On March 21, 2006 - plaintiff received notification that PNA transferred a total of $30,631.50 to Clarke.
>
> On October 8, 2008 - plaintiff received a notification that her 401(k) account had been completely depleted and that of [sic] the funds had been paid by PNA to Clarke. However, the amount transferred to Mr. Clarke was and should have been only 50% of the total amount in the 401(k) plan as of the date of division in the account pursuant to the terms of the QDRO.

(ECF No. 1, PageID.9-10).

Based on Clarke's allegations, she actually knew and was "aware of the information" *as of October 8, 2008* that her ex-husband was only entitled to half of her retirement benefit and that the entire benefit was allegedly mistakenly distributed to him. In other words, she was aware in October 2008 of the conduct – the alleged wrongful distribution to her ex-husband – which forms the basis for her claim. She filed suit in 2021, nearly 13 years later. This is well-beyond the three year statute of limitations.

Putting actual knowledge aside, Clarke's claim fails under section (1) which requires a plaintiff to file suit no later than six years "from the date of the last action which constituted a part of the breach or violation." 29 U.S.C. § 1113(1). The Supreme Court has instructed that any analysis of ERISA's six year breach of fiduciary statute must "consider[] the contours of the alleged breach of fiduciary duty," *Tibble v. Edison Int'l*, 575 U.S. 523, 530 (2015).

7

Here, the "contours" of the alleged breach is, as Pilkington suggests, a single wrongful act of allegedly distributing the entire share of her retirement benefit and depleting her account. Clarke's brief admits the same in stating that the single alleged payment to her ex-husband "forms the basis of this suit." (ECF No. 9, PageID.113). The alleged wrongful act occurred in October 2008. The statute of limitations therefore began to run at that time and expired well before Clarke filed suit in 2021.

To the extent that Clarke argues that a continuing violation theory should apply because the harm continues to this day, this argument misses the mark. "[C]ourts have rejected the continuing violation theory in an ERISA benefit case arising under § 1113(a)(2) since application of the continuing violation theory would read the 'actual knowledge' requirement out of the statute." *Edwards v. U.S. Dept. of Energy*, 317 F. Supp. 2d 859, 869 (W.D. Ky. 2005) (citing *Phillips v. Alaska Hotel and Restaurant Employees Pension Fund*, 944 F.2d 509, 520 (9th Cir. 1991)). And this argument ignores that there is only one wrong alleged – the alleged wrongful distribution to Clarke's ex-husband. Regardless of whether Clarke may have inquired about the distribution from Pilkington, she cannot escape that the distribution was made in 2008.

Moreover, to the extent that Clarke suggests the statute should be equitably tolled, this argument fails. Courts in this district have characterized the six-year

statute of limitations under 29 U.S.C. § 1113 (ERISA Section 413) as a statute of "repose." *See Stockwell v. Hamilton*, No. CV 15-11609, 2020 WL 2319763, at *3 (E.D. Mich. May 11, 2020); *Dykema Excavators, Inc. v. Blue Cross & Blue Shield Of Michigan*, 77 F. Supp. 3d 646, 655 (E.D. Mich. 2015). This is consistent with courts in other districts. *See David v. Alphin*, 704 F.3d 327, 339 (4th Cir. 2013)("Because § 413's limitations period begins immediately upon 'the last action which constituted a part of the breach or violation,' § 413 can most accurately be described as a statute of repose.); *Ranke v. Sanofi–Synthelabo Inc.*, 436 F.3d 197, 205 (3d Cir. 2006)("Thus, we deemed § 413(1)'s general six-year limit, which does not require 'actual knowledge,' to create a period of repose, which is applicable here."); *Radford v. Gen. Dynamics Corp.*, 151 F.3d 396, 400 (5th Cir. 1998) ("Section 413 of ERISA is a statute of repose, establishing an outside limit of six years in which to file suit, and tolling does not apply."). And the Supreme Court has said that statutes of repose are not subject to equitable tolling. *See CTS Corp. v. Waldburger*, 573 U.S. 1, 9 (2014) ("Statutes of limitations, but not statutes of repose, are subject to equitable tolling....").

Finally, Clarke suggests that dismissal is premature because discovery may save her claim. However, Clarke does not explain what discovery is needed or how it may make her claim timely in light of the allegations in the complaint as to when the alleged wrongful payment was made and when she learned of the same,

9

both of which occurred in October of 2008. These allegations belie any need for discovery.

The undersigned is not unsympathetic to Clarke's plight. Assuming her allegations are true as we must on a motion to dismiss, she was deprived of a retirement benefit. The purpose of statutes of limitation, however, are to prevent litigants from "sleeping on their rights and prohibiting the prosecution of stale claims." *Wright v. Heyne*, 349 F.3d 321, 330 (6th Cir. 2003). As the Supreme Court put it:

> Statutes of limitations are not simply technicalities. On the contrary, they have long been respected as fundamental to a well-ordered judicial system. Making out the substantive elements of a claim for relief involves a process of pleading, discovery, and trial. The process of discovery and trial which results in the finding of ultimate facts for or against the plaintiff by the judge or jury is obviously more reliable if the witness or testimony in question is relatively fresh. Thus in the judgment of most legislatures and courts, there comes a point at which the delay of a plaintiff in asserting a claim is sufficiently likely either to impair the accuracy of the fact-finding process or to upset settled expectations that a substantive claim will be barred without respect to whether it is meritorious.

*Board of Regents of University of State of N.Y. v. Tomanio*, 446 U.S. 478, 487-88 (1980).

VII. Conclusion

Accordingly, for the reasons stated above, the undersigned RECOMMENDS that Pilkington's motion to dismiss be GRANTED.

Dated: July 26, 2022                               s/Kimberly G. Altman
Detroit, Michigan                                  KIMBERLY G. ALTMAN
                                                   United States Magistrate Judge

## NOTICE TO PARTIES REGARDING OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation.  Any objections must be filed within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Under Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," etc.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections,

11

in the same order, and labeled as "Response to Objection No. 1," "Response to Objection No. 2," etc. If the Court determines that any objections are without merit, it may rule without awaiting the response.

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on July 26, 2022.

s/Carolyn Ciesla
CAROLYN M. CIESLA
Case Manager
