UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

SHEILA CLARKE,

        Plaintiff,                                         Case No. 21-12119

v.                                                            HON. MARK A. GOLDSMITH

PILKINGTON NORTH AMERICA,
INCORPORATED,

        Defendant.
_____/

**OPINION & ORDER
(1) ACCEPTING THE RECOMMENDATION CONTAINED IN
THE MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION (Dkt. 16), (2)
OVERRULING PLAINTIFF'S OBJECTIONS (Dkt. 17), AND (3) GRANTING
DEFENDANT'S MOTION TO DISMISS (Dkt. 5)**

This matter is before the Court on the Report & Recommendation (R&R) of Magistrate Judge Kimberly Altman (Dkt. 16). In the R&R, the magistrate judge recommends that the Court grant Defendant Pilkington North America's (Pilkington's) motion to dismiss (Dkt. 5). Plaintiff Sheila Clarke filed objections to the R&R (Dkt. 17). For the reasons that follow, the Court overrules Clarke's objections and adopts the recommendation contained in the magistrate judge's R&R to grant Pilkington's motion to dismiss.[1]

I. BACKGROUND

Clarke brings this action against Pilkington, her former employer, alleging that it breached its fiduciary duty by disbursing her employer-sponsored 401(k) retirement plan entirely to her ex-

---

[1] Because oral argument will not aid the Court's decisional process, the issues will be decided based on the parties' briefing and the R&R. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion to dismiss, the briefing for the motion includes Clarke's response (Dkt. 9) and Pilkington's reply (Dkt. 10). In addition to Clarke's objections, the briefing for the objections includes Pilkington's response (Dkt. 19).

husband. Compl. ¶¶ 13–14 (Dkt 1). Clarke began working for Pilkington in 1997. Id. ¶ 5. As a benefit of her employment, she participated in a 401(k) retirement account, which was part of a Pilkington-sponsored plan. Id.; Resp. to Mot. to Dismiss at 2. Both Clarke and Pilkington contributed to the account. Compl. ¶ 5.

Clarke was married to Noel Anthony Clarke from October 22, 1996 until they divorced on December 22, 2004. Id. ¶ 6. Pursuant to the judgment of divorce, a Michigan state court entered a Qualified Domestic Relations Order (QDRO) on January 20, 2006. Id. ¶ 8; Resp. to Mot. to Dismiss at 3. The QDRO required the proceeds of Clarke's 401(k) retirement account to be divided evenly between Clarke and her ex-husband. Compl. ¶ 9.

Clarke alleges that on March 21, 2006, she "received notification that [Pilkington] transferred a total of $30,631.50 to [her ex-husband]." Id. ¶ 11. She also alleges that on October 8, 2008, she "received notification that her 401(k) account had been completely depleted" and that Pilkington had paid the funds to her ex-husband. Id. ¶ 12. However, according to the QDRO, Clarke's husband should have received only half of the total amount in the account. Id.

Clarke filed a complaint in state court, alleging that Pilkington paid the account funds to her ex-husband in breach of its fiduciary duties to her under the plan. Pilkington removed the case to this Court, asserting that Clarke's claim is preempted by the Employment Retirement Income Security Act of 1974 (ERISA), 29 U.S.C. § 1001, which Clarke did not challenge. Notice of Removal (Dkt. 1). Pilkington then filed its motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6). It argues that, based on any reading of the allegations, Clarke's claim is time-barred under ERISA. Mot. to Dismiss at 3–10.

The magistrate judge found that Clarke's claim is time-barred under the statute. R&R at 6–8. She explained that ERISA states that no fiduciary duty claim may be brought "after the earlier of"

(i) "six years after . . . the date of the last action which constituted a part of the breach or violation," 29 U.S.C. § 1113(1), or (ii) "three years after the earliest date on which the plaintiff had actual knowledge of the breach or violation" forming the basis for the claim, id. § 1113(2). See R&R at 5. Addressing § 1113(2) first, the magistrate judge found that, based on Clarke's allegations, Clarke had "actual knowledge" of the conduct that forms the basis of her claim—Pilkington's alleged wrongful distribution of her retirement account funds to her ex-husband—no later than October 8, 2008. Id. at 7. The magistrate judge relied upon the timeline of events from Clarke's complaint: on March 21, 2006, she "received notification" that Pilkington transferred $30,631.50 to her ex-husband, Compl. ¶ 11, and on October 8, 2008, she "received a notification" that her 401(k) account had been completely depleted and that the funds had been sent to her ex-husband, id. ¶ 12. According to these allegations, the magistrate judge found, Clarke actually knew, no later than October 8, 2008, that her ex-husband was entitled to only half of her retirement benefit and that the entire benefit had been allegedly mistakenly distributed to him. R&R at 7. However, Clarke filed this action in 2021, nearly 13 years later and well beyond the three-year statute of limitations. Id.

The magistrate judge also determined that, alternatively, Clarke cannot prevail on her claim under § 1113(1), which requires that a plaintiff file suit no later than "six years from the date of the last action that constituted a part of the breach or violation." Id. (quoting § 1113(1)). The magistrate judge explained that the alleged breach consisted of a single wrongful act in which Pilkington distributed the entire share of Clarke's retirement benefits to her ex-husband and depleted her account. Id. at 8. The six-year period began to run, at the latest, in October 2008, and it expired long before Clarke brought this action in 2021. Id.

## II. ANALYSIS[2]

The Court reviews de novo any portion of the R&R to which a specific objection has been made. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); Alspaugh v. McConnell, 643 F.3d 162, 166 (6th Cir. 2011) ("Only those specific objections to the magistrate's report made to the district court will be preserved for appellate review; making some objections but failing to raise others will not preserve all the objections a party may have.") (punctuation modified). Absent a specific objection, the issue is waived. Willis v. Sullivan, 931 F.2d 390, 401 (6th Cir. 1991). Additionally, any issues raised for the first time in objections to an R&R are deemed waived. Uduko v. Cozzens, 975 F. Supp. 2d 750, 757 (E.D. Mich. 2013).

Clarke makes three objections to the R&R. The Court addresses each in turn.

### A. Objection One

Clarke objects to the magistrate judge's finding that the "continuing violation" theory does not apply to her claims. Obj. at 2–3.

The "continuing violation" doctrine is "an exception to the ordinary rule regarding the commencement of a statute of limitations," which "allows for tolling based on continuing unlawful

---

[2] "A motion to dismiss based on the expiration of the statute of limitations is analyzed under Rule 12(b)(6)." Dykema Excavators, Inc. v. Blue Cross & Blue Shield of Mich., 77 F. Supp. 3d 646, 652 (E.D. Mich. 2015) (punctuation modified). "Like other Rule 12(b)(6) motions to dismiss, a motion to dismiss on statute of limitations grounds should be granted when the statement of the claim affirmatively shows that the plaintiff can prove no set of facts that would entitle [plaintiff] to relief." New Eng. Health Care Emps. Pension Fund v. Ernst & Young, LLP, 336 F.3d 495, 501 (6th Cir. 2003) (punctuation modified). When one can determine from the face of the complaint that the statute of limitations has run, dismissal is appropriate. Am. Premier Underwriters, Inc. v. Nat'l R.R. Passenger Corp., 839 F.3d 458, 464 (6th Cir. 2016). The Court is required to "construe the complaint in the light most favorable to the plaintiff, accept its allegations as true, and draw all reasonable inferences in favor of the plaintiff." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007). The defendant has the burden of showing that the plaintiff has failed to state a claim for relief. Id.

acts." Norman v. Granson, No. 18-4232, 2020 WL 3240900, at *2 (6th Cir. March 25, 2020); see also Sharpe v. Cureton, 319 F.3d 259, 267 (6th Cir. 2003) (explaining that under the continuing violation doctrine, the court can consider as timely all relevant violations "including those that would otherwise be time[-]barred"). It has been applied in other contexts, such as employment discrimination and antitrust cases. See, e.g., Kovacevich v. Kent State Univ., 224 F.3d 806, 829 (6th Cir. 2000) (stating that, in the context of employment discrimination, "when there is an ongoing, continuous series of discriminatory acts, they may be challenged in their entirety as long as one of those discriminatory acts falls within the limitations period") (punctuation modified); Peck v. Gen. Motors Corp., 894 F.2d 844, 849 (6th Cir.1990) (explaining that a continuing antitrust violation is one in which the plaintiff's interests are "repeatedly invaded," and "a cause of action accrues each time a plaintiff is injured by an act of the defendants").

In her response to the motion to dismiss, Clarke stated that the allegations in the complaint established that the "first breach," which was the wrongful distribution of her retirement funds to her ex-husband, occurred in 2008. Resp. at 4. She argued, however, that Pilkington's fiduciary obligation to properly maintain and safeguard her funds "was and continues to be an ongoing obligation," and its failure to "adequately safeguard that portion of the retirement funds attributable to [her] is a breach that survives to this day." Id. at 4. Thus, she asserted, the allegations in the complaint can be read to support the proposition that "additional, separate breaches"—each one of which would effectively restart the statute of limitations—occurred because Pilkington has still failed to remedy its error. Id. at 7.

The magistrate judge rejected this argument, stating that "[c]ourts have rejected the continuing violation theory in an ERISA benefit case arising under § 1113(a)(2) since application of the continuing violation theory would read the 'actual knowledge' requirement out of the statute."

5

R&R at 8 (quoting Edwards v. U.S. Dep't of Energy, 317 F. Supp. 2d 859, 869 (W.D. Ky. 2005)). The magistrate judge also noted that the concept of a continuing violation is inapplicable in this case, as Clarke alleged a single wrong: the distribution of her retirement funds to her ex-husband. Id. Courts have found that the type of "passive inaction" to which Clarke refers—Pilkington's failure to recoup funds after an initial allegedly wrongful distribution—"does not support a continuing violation theory." Tolbert v. State of Ohio Dep't of Transp., 172 F.3d 934, 940 (6th Cir. 1999).

In her objections, Clarke argues that the premise that the "continuing violation" theory would erase the statute's actual knowledge requirement applies to claims in which the "initial breach" is the only breach. Obj. at 2. She asserts that each time she informed Pilkington that it had overpaid her ex-husband and Pilkington failed to recoup the funds, a new and subsequent breach occurred. Id. at 2–3. She asserts that each new and subsequent breach started a new limitations period. Id.

Clarke's complaint, however, did not allege that she contacted Pilkington regarding the overpayment or that Pilkington breached its fiduciary duty by failing to recoup the funds after she contacted them. Instead, Clarke's complaint alleged only that Pilkington breached its fiduciary duty to preserve and maintain one-half of her retirement account when it completely depleted the account by paying the funds to Clarke's ex-husband. See Compl. ¶¶ 12–14. Clarke cannot assert a new theory of liability or supplement allegations in the complaint through a response to a motion to dismiss or objections to an R&R. See United States ex rel. Roycroft v. GEO Grp. Inc., 722 F. App'x 404, 407 (6th Cir. 2018); Johnson v. Metro. Gov't of Nashville & Davidson Cnty., 502 F. App'x 523, 541–542 (6th Cir. 2012).

Moreover, Clarke is incorrect that the continuing violation theory would erase the "actual knowledge" requirement only in cases where the initial breach is the only breach. See Shapiro v.

6

Fidelity Invs. Institutional Operations Co., 142 F. Supp. 3d 535, 540 (E.D. Ky. 2015) (rejecting plaintiff's argument that defendant's failure to fully reimburse his 401(k) retirement account after it allegedly liquidated the account without plaintiff's permission was a separate and ongoing breach, explaining that the allegedly wrongful liquidation of plaintiff's account was a "discrete act" and that "[i]f statutes of limitation did not begin to run until the breaching party made the plaintiff whole, the exception would swallow the rule"). As explained in Phillips v. Alaska Hotel & Restaurant Employees Pension Fund, 944 F.2d 509 (9th Cir. 1991):

> While the [defendants'] conduct may be viewed as a series of breaches, all were of the same character: a failure to amend vesting rules. Once a plaintiff knew of one breach, an awareness of later breaches would impart nothing materially new . . . The earliest date on which a plaintiff became aware of any breach would thus start the limitation period of § 1113(a)(2) running.

Id. at 520.

Clarke attempts to distinguish Phillips by stating that her awareness of subsequent breaches would impart materially new information to her. Obj. at 2; Resp. to Mot. to Dismiss at 4–5. She requests that the Court permit limited discovery, which she states "may demonstrate that the later breaches committed by Pilkington presen[t] materially new information that did not exist at the time of the original breach, and from which the limitations period began to run." Obj. at 2. But whether Clarke contacted Pilkington regarding the overpayment and whether Pilkington failed to recoup the funds in response within the limitations period should both be within Clarke's knowledge. And Clarke does not explain how her continued awareness of the same alleged breach—Pilkington's failure to recoup funds—would in fact impart new information, such that, with each failure, the statute of limitations period would begin running anew. See § 1113(2) (requiring plaintiff's knowledge to be measured from "the earliest date" on which the plaintiff learned of the breach). In addition, as noted, Clarke did not allege that Pilkington committed subsequent breaches by failing to recoup her retirement funds, and she "may not use the discovery

7

process to construct an adequate complaint" that is not time-barred. In re Flying J Rebate Contract Litig. (No. II), No. 14-2515-ART, 2014 WL 3611299, at *1 (E.D. Ky. Jul. 21, 2014); see also Sundermeyer v. Ohio Educ. Ass'n, No. 2:12-cv-959, 2013 WL 3147952, at *6 (S.D. Ohio June 19, 2013) (explaining that "[s]peculation is an insufficient basis upon which to permit discovery in an ERISA case.").

Therefore, Clarke's first objection is overruled.

**B. Objection Two**

Next, Clarke objects to the magistrate judge's finding that her claims should not be equitably tolled. Obj. at 3–5. The magistrate judge determined that the six-year limitations period in § 1113(1), which is a "statute of repose," applied to Clarke's claim, and statutes of repose are not subject to equitable tolling. R&R at 8–9. Therefore, Clarke's claim against Pilkington could not have been equitably tolled. Id.

Clarke does not make a specific objection to the magistrate judge's finding that the statute of repose applied to her claim. Rather, she asserts that equitable tolling is warranted because she was diligent, as she informed Pilkington of the overpayment and attempted to have them correct it, and because Pilkington cannot claim unfair surprise or prejudice resulting from the delay, as it has been on notice of Clarke's claim since 2008. Obj. at 4.

Without a specific objection to a portion of the R&R, an issue is deemed waived. See Willis, 931 F.2d at 401. But, even considering the substance of Clarke's objection, the Court finds that her objection should be overruled. The magistrate judge correctly found that the six-year limitations period in 1113(1) is a statute of repose and is thus not subject to equitable tolling. Courts have identified this subsection as a statute of repose and § 1113(2), which provides for a three-year limitations period when the plaintiff has actual knowledge of the breach, as a statute of

8

limitations. Dykema, 77 F. Supp. 3d at 654–655 (citing Hi–Lex Controls, Inc. v. Blue Cross Blue Shield of Mich., 751 F.3d 740, 750 (6th Cir. 2014)). "Statutes of limitations can be tolled; statutes of repose cannot." Id. at 653 (citing CTS Corp. v. Waldburger, 573 U.S. 1, 7–8 (2014)).

Further, even under the three-year limitations period in § 1113(2)—which is a statute of limitations and is, therefore, capable of being tolled—Clarke has not shown that she is entitled to equitable tolling. "[T]he doctrine of equitable tolling is used sparingly by federal courts." Robertson v. Simpson, 624 F.3d 781, 784 (6th Cir. 2010). The party seeking equitable tolling bears the burden of proving he or she is entitled to it. Id.

The United States Court of Appeals for the Sixth Circuit has considered the following factors in determining whether equitable tolling of a limitations period is appropriate: (i) lack of actual notice of the filing requirement, (ii) lack of constructive knowledge of the filing requirement, (iii) diligence in pursuing one's rights, (iv) absence of prejudice to the defendant; and (v) a plaintiff's reasonableness in remaining ignorant of the notice requirement. Clark v. NBD Bank, 3 F. App'x 500, 504 (6th Cir. 2001) (concluding that equitable tolling of contractual three-year limitations period of ERISA plan was not warranted where beneficiary was not diligent in pursuing her rights).

Clarke makes no argument as to most of these factors. She does not argue that she lacked notice or constructive knowledge of the filing requirement or that she was reasonable in remaining ignorant of the notice requirement. She states that she contacted Pilkington "within two years of the wrongful distribution that occurred [in] 2006" and sought to correct the overpayment but does not state when or offer any other details. Obj. at 4. Clarke has not given a reason for the late filing. Accordingly, she has not shown that she was diligent in pursuing her claim. And the Court cannot presume that Pilkington would not be prejudiced by the delay based solely on the allegations that Clarke contacted it regarding the overpayment in 2008 and that Pilkington

presumably maintains records of her account. Id. at 4–5. Therefore, Clarke has not carried her burden in proving that the statute of limitations should be equitably tolled.

Clarke's second objection is overruled.

### C. Objection Three

Clark also objects to the magistrate judge's finding that limited discovery was not warranted. Obj. at 5–6. In response to Clarke's suggestion that dismissal is premature because discovery may save her claim, the magistrate judge stated that Clarke did not explain what discovery was needed or how it would make her claim timely, given the allegations in her complaint that, as of October 8, 2008, at the latest, Clarke had actual knowledge of the allegedly wrongful payment. R&R at 9–10. The magistrate judge found that these allegations undercut any need for discovery. Id. at 10.

As she does in her first objection, Clarke argues in her third objection that "limited discovery" will likely support her continuing violation theory that Pilkington committed subsequent breaches, as they were aware of the original breach and failed to remedy it. Obj. at 5. She also states that she no longer has access to the documents relevant to her account. Id.

The Court agrees with the magistrate judge that discovery is unnecessary given Clarke's allegations in the complaint. The complaint sets forth that, by October 2008, Clarke's account had been entirely depleted, and Clarke learned of this fact. Compl. ¶ 12. These allegations indicate that Clarke's claim is untimely under both the three-year and six-year limitations period. See Bishop v. Lucent Techs., Inc., 520 F.3d 516, 520 (6th Cir. 2008) (holding that an ERISA breach of fiduciary duty claim was properly dismissed under Rule 12(b)(6) when the complaint alleged facts indicating that plaintiffs had actual knowledge of their claim more than three years before filing the complaint).

Because the allegations in the complaint show that the statute of limitations bars relief, Clarke may not use the discovery process to refashion her complaint to state a plausible claim or to identify new claims that do not suffer from the same deficiency. See In re Flying J Rebate Contract Litig. (No. II), 2014 WL 3611299, at *1. A plaintiff "may not use the discovery process to obtain the facts necessary to state a claim after filing suit." Whorton v. Cognitians, LLC, No. 19-3488, 2019 WL 8917880, at *2 (6th Cir. Dec. 9, 2019) (punctuation modified); see also Ashcroft v. Iqbal, 556 U.S. 662, 686 (2009) (explaining that, unless a plaintiff's complaint can survive a motion to dismiss, the plaintiff "is not entitled to discovery, cabined or otherwise"); Northampton Rest. Grp., Inc. v. FirstMerit Bank, N.A., 492 F. App'x 518, 521 (6th Cir. 2012) (explaining that this principle applies even when certain information is "solely within the purview of the defendant") (punctuation modified); Moss v. Loandepot.com, LLC, No. 2:19-cv-12076, 2020 WL 3605280, at *3 (E.D. Mich. July 2, 2020) (rejecting plaintiff's argument that the court should have allowed her the benefit of discovery to determine whether defendant committed a breach of contract in addition to the breach alleged in the complaint, noting that, because plaintiff failed to state a plausible claim for relief from the first breach, she could not commence discovery and thereby initiate new claims).

Clarke's third objection is overruled.

### III. CONCLUSION

Like the magistrate judge, this Court sympathizes with Clarke, given her allegation that she lost her retirement benefit. Nonetheless, the complaint itself demonstrates that her claim is barred by the statute of repose and the statute of limitations, which, as the magistrate judge noted, serve the important purpose of promoting fairness to defendants and encouraging diligence by plaintiffs. See R&R at 10 (citing Bd. of Regents of Univ. of State of N.Y. v. Tomanio, 446 U.S. 478, 487–488 (1980)).

11

For the reasons stated above, the Court overrules Clarke's objections (Dkt. 17), adopts the recommendation contained in the magistrate judge's R&R (Dkt. 16), and grants Pilkington's motion to dismiss (Dkt. 5).

SO ORDERED.

Dated: September 27, 2022   s/Mark A. Goldsmith
Detroit, Michigan   MARK A. GOLDSMITH
  United States District Judge